Amanda D. Hunter
Copper City Law, PLLC
444 E. Park Street
P.O. Box 4552
Butte, Montana 59702
Telephone: (406) 920-9998
E-mail: amanda@coppercitylaw.com
State Bar of Montana No. 44088997
Attorney for Creditor Michael Lewis

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: ABBOTT, ALBERT E.; | Case No. 22-20087-7 |
| Debtor, | |
| MICHAEL LEWIS, | |
| Plaintiff, | |
| | Adv. No. _____ |
| -vs- | |
| ALBERT E. ABBOTT, | |
| Defendant. | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO SECTIONS 523 OF THE BANKRUPTCY CODE**

COMES NOW, the Plaintiff, Michael Lewis, by and through his Attorney, Amanda D. Hunter, and hereby objects to the dischargeability of the debt owed to Michael Lewis ("Creditor") and brings this adversary proceeding pursuant to 11 U.S.C. §§ 523 and Bankruptcy Rule 9013-1, to determine the dischargeability of the debt owed to the Creditor by Defendant for the following reasons.

## JURISDICTION

1. On August 24, 2022, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United Stated Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Montana.

2. On September 16, 2022, the Debtor's duly-noticed meeting of the creditors was held pursuant to Section 341(a) of the Bankruptcy Code (the "Section 341 Meeting").

3. As of the date of this Complaint the Debtor has not been granted a discharge.

4. This Complaint is timely filed because the date by which a Complaint objecting to the Debtor's discharge or to determine dischargeability of a debt expires on November 15, 2022.

5. This is an adversary proceeding in which the plaintiff-creditor is objecting to the Debtor's dischargeability of the debt owed to the Creditor and is seeking a determination as to the dischargeability of the debt owed by Debtor to Plaintiff under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4), 523(a)(6).

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code §§ 523.

7. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 157(b)(2)(J).

## PARTIES

8. Plaintiff is an individual residing in the State of Montana at 210 Rabbit Dr., Butte, Montana 59701.

9. Defendant is a Debtor in this case, whose mailing address of record is 1212 Platinum Street, Butte, Montana 59701.

//

//

## BACKGROUND FACTS

10. On February 4, 2022 the parties entered into a Promissory Note where Lewis loaned Abbott cash in the amount of $15,700.00 in exchange for Abbott repaying the debt to Lewis in the amount of $18,055.00 (this sum due was to include at 15% interest rate) due on March 4, 2022. (See Exhibit A).

11. At the time the Promissory Note was executed, Abbott provided Lewis with a check for the total amount due on the Note ($18,055.00) signed and dated with the March 4, 2022 due date.

12. The check was written on a "Platinum Landscape and Holdings, LLC" check, a business owned or formerly owned and operated by Abbott, and was not written on a check in Abbott's personal name. (See Exhibit B).

13. Platinum Landscape and Holdings, LLC is a duly registered company in good-standing with the Montana Secretary of State and "Bert Abbott" is listed as the registered agent.

14. Abbott made no pre-payments on the Note.

15. On March 4, 2022 Abbott had failed to make the payment due on the Note to Lewis.

16. Lewis proceeded to take the Platinum Landscape check down to the bank to submit to be cashed but was informed by the bank that there were insufficient funds in the Platinum account.

17. Lewis kept the check and returned to the bank one week later to again attempt to cash the check provided earlier by Abbott and then was told by the bank that the Platinum Landscape account had been closed.

18. Lewis proceeded to attempt to contact Abbott regarding repayment on the Note, where Abbott repeatedly represented to Lewis that he would make contact with him to make repayment.

19. However, by August 2, 2022 Abbott had continued to dodge Lewis and Lewis was forced to retain legal counsel, Tim Dick, Esq., who sent Abbott a letter demanding that repayment be made immediately and informing him that his conduct was criminal, as well as constituted a breach of contract as well as "obvious fraud" in regards to the check. (See Exhibit C).

20. As if reading Abbott's mind, Mr. Dick also informed Abbott that a district court judgement against him which would include fraud would not be dischargeable in a bankruptcy.

21. Instead of reaching out to Mr. Dick to discuss repayment options, Abbot raced to file a Chapter 7 bankruptcy case just 22 days later before a fraud case could be filed against him.

22. The writing of a check on a bank account where you had knowledge that the check will not be honored by the bank is considered a common scheme and is a criminal act.

## COUNT I

**COUNT 1 – NON-DISCHARGEABILITY OF DEBT OWED TO PLAINTIFF UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE**

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-22 of this Complaint as is set forth at length herein.

24. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent contained by—
> (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insiders financial condition.

25. All or part of the debt owed to Plaintiff, is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false

4

pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code §§ 523(a)(2)(A).

The Defendant Abbott knowingly wrote a check from a bank account that he ended up closing knowing that Plaintiff would be seeking to cash the check (as well as likely never contained enough money to repay the debt prior to closing the account).

Defendant preyed on Lewis by repeatedly promising to repay Lewis after the check was unusable but then continuing to evade him from making any actual payment.

When warned Defendants conduct constituted fraud and would not be discharged if an action were filed against him, he ran to file a bankruptcy case before a fraud action could be brought against him.

The acts of Defendant were criminal in nature and thereby are not dischargeable in bankruptcy § 523 of the Bankruptcy Code.

26. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 25.

WHEREFORE, the Plaintiff, Michael Lewis respectfully requests that the Court deny Debtor's discharge under Bankruptcy Code §§ 523(a)(2)(A) as to the Debt owed to the Plaintiff and for such other and further relief the Court deems appropriate.

DATED: November 13, 2022.

      RESPECTFULLY SUBMITTED,

      /s/ Amanda D. Hunter
      Amanda D. Hunter
      Attorney for Plaintiff Creditor